**ERIE MACHINE PRODUCTS, INC., Plaintiff,**

v.

**MAZAK YAMAZUKI MACHINERY CORPORATION, and Equilease Corporation, and Siegler Machine & Tool Company, Inc., Defendants.**

**No. 83–C–452.**

United States District Court, E.D. Wisconsin.

Dec. 1, 1983.

Emanuel V. Gumina, Murn, Ferr & Gumina, West Allis, Wis., for plaintiff.

Frank A. Scherkenbach, Jeffrey S. Fertl, Borgelt, Powell, Peterson & Frauen, Milwaukee, Wis., for Mazak Yamazuki Machinery.

Robert H. Consigny, Consigny, Andrews, Hemming & Grant, Janesville, Wis., for Equilease.

Robert J. Lowe, Law Office of Robert L. Lowe, Milwaukee, Wis., for Siegler.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

Siegler Machine & Tool Co., Inc., one of the defendants in this diversity case, has moved that the action be dismissed for lack of diversity of citizenship. The motion will be granted.

The plaintiff, Erie Machine Products, Inc., is a Wisconsin corporation with its principal place of business in Wisconsin. The defendants are Mazak Yamazuki Machinery Corporation, alleged to be a Kentucky corporation with its principal place of business in Kentucky; Equilease Corporation, alleged to be a New York corporation with its principal place of business in New York; and Siegler Machine & Tool Co., Inc., alleged to be a Wisconsin corporation with its principal place of business in Wisconsin.

The plaintiff alleges four claims for relief. Based on the first three, it seeks judgment against defendants Siegler and Mazak, jointly and severally, for compensatory and punitive damages. Based on the fourth claim, it seeks judgment for damages against Equilease.

The plaintiff avers that through Mazak's agent Siegler, it ordered a machine manufactured by Mazak called the "Slant Turn." The machine was delivered but according to the plaintiff did not function properly. The plaintiff claims that Siegler and Mazak made express and implied warranties concerning the Slant Turn that were breached by its failure to perform properly, and that the two defendants did not remedy the problem although notified of it by the plaintiff. The plaintiff also asserts that Siegler and Mazak misrepresented the capabilities of the Slant Turn and their ability and willingness to correct the problems the plaintiff was having with the machine. Mazak is further alleged to have been negligent in its construction of the machine and in failing adequately to instruct its

agents in the machine's operation. Finally, Equilease, which financed the plaintiff's purchase of the Slant Turn, is alleged to have breached an agreement to hold a check payable to Siegler until the problems with the machine were resolved.

■ Defendant Siegler has moved to dismiss the action on the basis that the court lacks jurisdiction because both Siegler and the plaintiff are citizens of Wisconsin. Jurisdiction of this action is based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. It has long been established that the "diversity" that is required under this statutory section is complete diversity, that is, every plaintiff must be diverse in citizenship from every defendant. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

The plaintiff notes that the rule of complete diversity has been held not to be of a constitutional dimension, *see Treinies v. Sunshine Mining Co.*, 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85 (1939), and refers to exceptions to the rule involving interpleader, impleader, and cross-claims. However, as the Supreme Court pointed out in the *Owen* case, statutory as well as constitutional requirements must be satisfied for diversity jurisdiction to exist. The relevant statute, 28 U.S.C. § 1332, requires complete diversity. Recognizing an exception to this rule in the case of a plaintiff who chooses to bring a lawsuit against a non-diverse defendant would, in effect, eliminate the rule, and no such exception has been recognized.

■ I conclude that this court does not have jurisdiction over the plaintiff's suit against Siegler, and Siegler's motion to dismiss will be granted. Pursuant to Rule 21, Federal Rules of Civil Procedure, the court has discretion to dismiss a non-diverse party but to allow the action to continue against other defendants as to whom the requisite diversity of citizenship exists. *See, e.g., Jett v. Phillips & Associates*, 439 F.2d 987 (10th Cir.1971); *Padbury v. Dairymen's League Cooperative Associa-*

*tion*, 15 F.R.D. 484 (M.D.Pa.1954); 7 C. Wright & A. Miller, Federal Practice and Procedure § 1685 (1972). Under the circumstances of this case, I deem it the better choice to dismiss the action as to all the defendants. In its brief opposing the motion to dismiss, the plaintiff has not suggested that the suit should continue in the absence of Siegler; on the contrary, the plaintiff has vigorously urged that Siegler must be retained as a party. Furthermore, while it is arguable that Siegler may not be an "indispensable" party under Rule 19, Federal Rules of Civil Procedure, it is clearly an important party whose presence I find to be " 'essential to a just and meaningful adjudication.' " *Jett*, 439 F.2d at 990, quoting *Oppenheim v. Sterling*, 368 F.2d 516, 518 (10th Cir.1966).

Therefore, IT IS ORDERED that Siegler Machine & Tool Company's motion to dismiss this action be and hereby is granted.

IT IS ALSO ORDERED that this action be and hereby is dismissed, without prejudice.