ENRIQUE PEREZ, Plaintiff, v. SALVADOR ESPINOZA, Defendant and Third-Party Plaintiff-Appellant (Joseph Hardesty, Third-Party Defendant-Appellee).

First District (3rd Division)   No. 83—1393

Opinion filed October 23, 1985.

WHITE, P.J., dissenting.

Beerman, Swerdlove, Woloshin, Barezky & Berkson, of Chicago (Alvin R. Becker and Steven P. Garmisa, of counsel), for appellant.

Law Offices of Tim J. Harrington, of Chicago (Robert Guilfoyle and Marrianne C. Mnich, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Salvador Espinoza, defendant and third-party plaintiff, brought this action seeking contribution from Joseph Hardesty, third-party defendant. The trial court granted Hardesty's motion to dismiss the complaint, and Espinoza appeals.

Plaintiff, Enrique Perez, filed a negligence action against Espinoza, Hardesty and the town of Cicero, seeking damages for injuries he sustained in an accident in Cicero involving automobiles driven by the individual defendants. Plaintiff was a passenger in the automobile

operated by Espinoza.

Hardesty was dismissed as a defendant in plaintiff's action on the basis of a settlement agreement between him and plaintiff. Pursuant to the settlement agreement, plaintiff executed a covenant not to sue Hardesty in exchange for Hardesty's payment of $6,500. Pursuant to section 2—619 of the Illinois Code of Civil Procedure, Hardesty filed a motion to dismiss the third-party complaint on the ground that his settlement with plaintiff discharged him from liability for contribution. A copy of the covenant not to sue was attached to the motion as an exhibit. Hardesty's motion relied on subsections (c) and (d) of section 2 of "An Act in relation to contribution among joint tortfeasors" (hereinafter the Contribution Act) (Ill. Rev. Stat. 1983, ch. 70, pars. 302(c), (d)), which provides, in substance, that a tortfeasor who settles with a claimant in good faith is discharged from all liability for any contribution to any other tortfeasor. The trial court dismissed the third-party complaint, and Espinoza filed an amended third-party complaint for contribution.

The amended third-party complaint alleges in relevant part: that plaintiff's injuries were proximately caused by the negligent acts or omissions of Hardesty; that if Espinoza should be found liable to plaintiff for damages, it will be, in part, because of the misconduct and negligent acts or omissions of Hardesty; that plaintiff's alleged special damages were $3,888; and that plaintiff has settled with Hardesty in the amount of $6,500 in return for a covenant not to sue. The amended third-party complaint further alleges:

"11. Third Party Defendant, JOSEPH HARDESTY, has settled for an amount less than his pro rata share of the common liability and that amount which he tendered in settlement was unreasonable when compared to the amount of Plaintiff's special damages and Co-Defendant Hardesty's probable liability. By any objective standard, the amount paid by Co-Defendant, JOSEPH HARDESTY, was inadequate and, therefore, not in good faith.

12. The Third Party Defendant, JOSEPH HARDESTY, owes the Third Party Plaintiff, SALVADOR ESPINOZA, the duty of contribution for a portion of any or all amounts for which the Third Party Plaintiff may be held liable to the Plaintiff in this action, which portion would be commensurate with the degree of misconduct attributable to the Third Party Defendant in causing plaintiff's injuries."

The prayer for relief of the amended third-party complaint asked judgment against Hardesty "for all sums that may be assessed

against [Espinoza] in favor of the Plaintiff in such an amount, by way of contribution, as would be commensurate with the degree of misconduct attributable to [Hardesty] in causing Plaintiff's injuries."

Hardesty was permitted to have his motion to dismiss the original third-party complaint stand as his motion to dismiss the amended third-party complaint. After a hearing, the transcript of which has not been furnished by appellant in the record on appeal, the trial court entered an order dismissing the amended third-party complaint with prejudice. The order stated: "Based upon the record pleadings before the Court, and the arguments of all counsel, the Court concludes that as a matter of law, the settlement between Plaintiff and Joseph Hardesty was a good faith settlement." The order further provided that the motion to dismiss for failure to state a cause of action was sustained. It is undisputed that Hardesty did not file a motion to dismiss for failure to state a cause of action, and we consider the case as if that language did not appear in the order.

In his answers to interrogatories, plaintiff stated that he suffered a concussion and contusions on the back of his neck. As a result of the accident, plaintiff was hospitalized for five days, lost six weeks income, and was treated by a doctor for six weeks.

Espinoza contends on appeal that the trial court erred in dismissing the amended third-party complaint because he was entitled to a trial on the question of fact as to whether the settlement between Hardesty and plaintiff was in good faith.

■■ We initially note that while Hardesty's motion to dismiss did not specifically recite that the settlement was in good faith, it did state that a settlement was reached and that under section 2 of the Contribution Act the settlement discharges Hardesty from any liability. This assertion sufficiently set forth Hardesty's affirmative defense of a good faith settlement.

Section 2 of the Contribution Act provides in relevant part:

"(c) When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the others to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater.

(d) The tortfeasor who settles with a claimant pursuant to paragraph (c) is discharged from all liability for any contribu-

tion to any other tortfeasor." (Ill. Rev. Stat. 1983, ch. 70, pars. 302(c), (d).)

When read together, these subsections provide that a tortfeasor who settles with a claimant in good faith is discharged from all liability for any contribution to any other tortfeasor. *LeMaster v. Amsted Industries, Inc.* (1982), 110 Ill. App. 3d 729, 442 N.E.2d 1367.

The Contribution Act serves two important functions, to encourage good faith settlements and to equitably apportion damages. (*Ballweg v. City of Springfield* (1984), 130 Ill. App. 3d 241, 473 N.E.2d 342; *Lowe v. Norfolk & Western Ry. Co.* (1984), 124 Ill. App. 3d 80, 463 N.E.2d 792.) The Act does not define good faith nor specify the type of proceedings for the determination of good faith. However, nothing is better calculated to frustrate and discourage settlements than the knowledge that the settlement lacks finality and will lead to further litigation and perhaps, to further liability. (*Stambough v. Superior Court* (1976), 62 Cal. App. 3d 231, 132 Cal. Rptr. 843.) Espinoza is urging that he is entitled to a trial because he has raised a question of fact on the issue of good faith. The same argument was made and rejected by this court in *Barreto v. City of Waukegan* (1985), 133 Ill. App. 3d 119, 478 N.E.2d 581, and we likewise reject it.

In *Barreto*, plaintiff filed a suit against North Shore Gas Company and the city after he tripped on a cracked area of the sidewalk where North Shore had done some work. North Shore settled with the plaintiff for $12,500. When counsel for plaintiff sought to dismiss North Shore as a defendant, he appeared before the trial court. After hearing counsel's statement, the court found that the settlement was made in good faith and dismissed North Shore. Following a $93,000 judgment for plaintiff, the city appealed, maintaining it was entitled to a trial to determine whether the settlement between plaintiff and North Shore was made in good faith. This court held that the city was not entitled to a trial on the good faith issue.

■ We agree with the *Barreto* court that the trial court is in the best position to determine what type of hearing is necessary to fully adjudicate the issue of good faith. This is especially true in the present case, where the trial judge who decided the motion to dismiss also conducted the pretrial conference and was familiar with the facts. (See also *Wasmund v. Metropolitan Sanitary District of Greater Chicago* (1985), 135 Ill. App. 3d 926 (determination of good faith after hearing); *Pell v. Victor J. Andrew High School* (1984), 123 Ill. App. 3d 423, 462 N.E.2d 858 (determination of good faith after arguments of counsel during pretrial conference); *Lowe v. Norfolk & Western Ry.*

*Co.* (1984), 124 Ill. App. 3d 80, 463 N.E.2d 792 (determination of good faith after review of affidavits, depositions and other discovery materials of record).) The trial court here did not err in reaching its decision on good faith without conducting a trial.

Furthermore, Espinoza's conclusory allegations, that the settlement was so unreasonably low that by any objective standard it was not entered into in good faith, are without merit. Initially we note, values of "high" and "low" are not objective, but subjective and turn on the facts of each case. The amount of the settlement is but one factor to consider, since damages are often speculative and the probability of legal liability is frequently uncertain (*Stambough v. Superior Court* (1976), 62 Cal. App. 3d 231, 132 Cal. Rptr. 843), and the amount a party settles for may be far different than the eventual determination of the damage award by the jury. (*Barreto v. City of Waukegan* (1985), 133 Ill. App. 3d 119, 478 N.E.2d 581.) Espinoza had the burden to prove that the settlement was not in good faith, and he failed to sustain that burden where Hardesty paid almost 170% of the plaintiff's claimed special damages in a disputed liability case involving a concussion and soft tissue injuries. We conclude that the trial court properly found that the settlement involved here between Hardesty and plaintiff was a good faith settlement and properly dismissed Espinoza's amended third-party complaint.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGILLICUDDY, J., concurs.

PRESIDING JUSTICE WHITE, dissenting:

Salvador Espinoza, defendant in the underlying tort action brought by Enrique Perez, filed an amended third-party complaint seeking contribution from codefendant, Joseph Hardesty, as a joint tortfeasor. Hardesty filed a motion to dismiss alleging that he had settled with Perez and that "pursuant to Ill. Code of Civil Pro. 2—619 Contribution is barred and should be dismissed." A copy of a covenant not to sue executed by Perez was attached to the motion. The trial court in its order granting the motion stated: "Based upon the record pleadings before the Court, and the arguments of all counsel, the Court concludes that as a matter of law, the settlement between Plaintiff and Joseph Hardesty was a good faith settlement." It is from this order that Espinoza appeals.

The narrow ground upon which I dissent from the majority is that I fail to see in this record any basis whatsoever for the trial court's conclusion here that the covenant not to sue was given in good faith. Neither the commendable objectives of the Contribution Act (Ill. Rev. Stat. 1983, ch. 70, par. 301 *et seq.*) nor the authorities cited by the majority require us to accept as true and affirm the critically important trial court conclusion of good faith when there is nothing in the record to support it.

The posture in which this case is before the court is important to our disposition of this appeal. Espinoza is appealing from an order which granted a motion to dismiss filed pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619). That section allows the dismissal of an action upon any one of several specified grounds. We only consider here whether the circuit court erred in dismissing Espinoza's amended third-party complaint for contribution pursuant to section 2—619.

Section 2—619(a), in relevant part, provides:

> "Defendant may *** file a motion for dismissal *** upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:
>
> * * *
>
> (9) That the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim."

In his motion to dismiss, Hardesty did not specify the subsection of 2—619(a) upon which he relied. He argues that the alleged release constitutes an affirmative matter avoiding the legal effect of or defeating Espinoza's claim for contribution, citing section 2 of the Contribution Act.

Section 2 of the Act, in relevant part, provides:

> "(c) When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the others to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater.
>
> (d) The tortfeasor who settles with a claimant pursuant to paragraph (c) is discharged from all liability for any contribu-

tion to any other tortfeasor." (Ill. Rev. Stat. 1983, ch. 70, pars. 302(c), (d).)

The majority admits that under section 2 of the Act, a tortfeasor who settles with a claimant is discharged from liability for any contribution to any other tortfeasor only if the settlement is made in good faith. Without good faith in settlement, the settling tortfeasor receives none of the protection against contribution demands provided in the Act. *LeMaster v. Amsted Industries, Inc.* (1982), 110 Ill. App. 3d 729, 734, 442 N.E.2d 1367.

The amended third-party complaint states that Hardesty's settlement with Perez was not made in good faith. Hardesty, by his pleadings, never put good faith in issue. Hardesty's motion to dismiss merely states that the settlement between him and plaintiff barred Espinoza's action for contribution and says nothing about good faith. The only exhibits attached to the motion were a copy of Espinoza's original third-party complaint for contribution and a copy of the covenant not to sue given to Hardesty by Perez. No affidavits were submitted in support of the motion. Where a complaint for contribution alleges that a settlement was not made in good faith, a section 2—619 motion to dismiss which merely alleges the existence of the settlement does not assert the existence of an affirmative matter avoiding the legal effect of or defeating the complaint. I would therefore hold that Hardesty's motion to dismiss failed to assert the existence of such an affirmative matter and conclude, accordingly, that the circuit court erred in dismissing the amended third-party complaint for contribution pursuant to Hardesty's motion under section 2—619 of the Code of Civil Procedure.

The majority suggests that the trial judge was in an ideal position to determine whether the settlement between Hardesty and Perez was in good faith, and that this especially true here where the judge who decided the motion to dismiss also conducted a pretrial conference. The majority says, "Espinoza had the burden to prove the settlement was not made in good faith." It is clear that on the pleadings here he had no occasion and no opportunity to do so. Yet the trial court, without a hearing, concluded *as a matter of law* that there was a good faith settlement. In my opinion, the fact that the judge who ruled on the motion to dismiss also pretried the case did not justify the granting of the motion. The judge's familiarity with the case cannot cure a fatal defect in Hardesty's motion: the failure to assert the existence of an affirmative matter defeating Espinoza's claims for contribution. Hardesty also suggests that there is proof of good faith in the record in the form of the pleadings and answers to interro-

gatories by plaintiff, which stated that his special damages were $3,888.65. It is true that the amount of special damages is relevant to the issue of good faith; however, it is only one factor to be considered. (*LeMaster v. Amsted Industries, Inc.* (1982), 110 Ill. App. 3d 729, 735.) Lack of good faith encompasses many kinds of behavior. Thus, the pleadings and answers to interrogatories concerning the amount of special damages, by themselves, fail to support the circuit court's conclusion that the settlement between Hardesty and Perez was a good faith settlement as a matter of law.

For the aforementioned reasons, I would reverse the order of the circuit court dismissing the third-party complaint for contribution and remand the cause for further proceedings consistent with this opinion.