Danny STIFLE, Plaintiff,

v.

MARATHON OIL COMPANY,
Defendant,

v.

INSULATING & MATERIALS
CORPORATION, Third–Party
Defendant.

Civ. No. 86–4152.

United States District Court,
S.D. Illinois.

April 6, 1988.

Thomas Crosby, Winters & Garrison, Marion, Ill., James Serkland, Serkland & Muelhausen, Chicago, Ill., for plaintiff.

John P. Ewart, Craig & Craig, Mattoon, Ill., Robert W. Schmieder, Belleville, Ill., for defendant.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

This matter is before the Court on third-party defendant Insulating & Materials Corporation's ("I & M") Motion to Dismiss Marathon Oil Company's ("Marathon") Third–Party Complaint; Marathon's Motion to Dismiss the Amended Complaint for lack of subject matter jurisdiction; Marathon's Motion for Set-off; and plaintiff Danny Stifle's Motion to Drop a Misjoined Party.

1. **Plaintiff's Motion to Drop a Misjoined Party and Marathon's Motion to Dismiss the Amended Complaint.**

On January 4, 1988, plaintiff filed an Amended Complaint that added I & M, which has its principal place of business in Illinois, as a defendant. Under the original complaint, this Court had subject matter jurisdiction by virtue of 28 U.S.C. § 1332. Because plaintiff is a citizen of Illinois, adding I & M as a defendant destroyed the diversity of citizenship between the plaintiff and defendants. Subsequently, defendant Marathon moved to dismiss the Amended Complaint for lack of subject matter jurisdiction and plaintiff responded with a Motion to Drop the Misjoined Party, I & M, pursuant to Rule 21 of the Federal Rules of Civil Procedure.

■ Rule 21 provides that

Misjoinder of parties is not grounds for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Fed.R.Civ.P. 21. It is well-settled that courts may properly avoid dismissing an action where joinder has destroyed diversity by eliminating the party whose presence causes the jurisdictional defect under Rule 21. Nevertheless, a court may not drop a party under Rule 21 if his presence is needed for just adjudication under Rule 19. *Filippini v. Ford Motor Co.*, 110 F.R.D. 131, 133–34 (N.D.Ill.1986); *Erie Mach. Prods., Inc. v. Mazak Yamazuki Mach. Corp.*, 574 F.Supp. 1056, 1058 (E.D.Wis.1983); C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1658 (1986).

Subdivision (b) of Fed.R.Civ. 19 provides that if joinder of a party is not feasible because, among other considerations, it will destroy subject matter jurisdiction, the court

shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Marathon's memorandum opposing plaintiff's motion alleges that once plaintiff added I & M as a defendant, I & M became a necessary and indispensable party under Rule 19. (Document No. 82). Marathon cites no authority for this proposition and characterizes plaintiff's motion as simply "a further illustration of the lack of good faith on the part of plaintiff and Insulating

on the purported settlement between them." (Document No. 82, p. 4).

■ Disregarding plaintiff's motives, it is apparent to this Court "in equity and good conscience" that I & M is not indispensable within the meaning of Rule 19(b). Marathon initially protected its interests by impleading I & M as a third-party defendant pursuant to Fed.R.Civ.P. 14. That plaintiff and I & M have reached a settlement, thereby releasing I & M from any liability in this action, does not prejudice Marathon. Section 302(c) of the Contribution Among Joint Tortfeasors Act provides:

> (c) When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the others to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater.

Ill.Rev.Stat. ch. 70, ¶ 302(c) (1985).

Thus, any judgment rendered against Marathon will be reduced to the extent of the amount stated in the release. Marathon's complaint that the settlement between plaintiff and I & M was not entered in good faith is not supported by cases construing this provision of the Contribution Act.

■ A third-party plaintiff has the burden of proving that a third-party defendant's settlement agreement with a plaintiff was not in good faith. *Perez v. Espinoza*, 137 Ill.App.3d 762, 92 Ill.Dec. 377, 484 N.E. 2d 1232 (1st Dist.1985). Even if a plaintiff's cause of action against a third-party defendant could have been time barred at the time they entered into settlement, if the third-party defendant neglected to raise a statute of limitations defense, the third-party defendant's *potential* liability is sufficient consideration by plaintiff for a good-faith settlement. *Ballweg v. City of Springfield*, 114 Ill.2d 107, 102 Ill.Dec. 360, 499 N.E.2d 1373 (1986).

In sum, applying the factors enumerated in Fed.R.Civ.P. 19(b) to the circumstances of this lawsuit compels this Court to find that I & M is not a party whose presence is needed for a just adjudication.

Accordingly, plaintiff's Motion to Drop a Misjoined Party (Document No. 79) is GRANTED. Furthermore, Marathon's Motion to Dismiss the Amended Complaint (Document No. 75) for lack of subject matter jurisdiction is hereby DENIED.

2. I & M's Motion to Dismiss the Third-Party Complaint.

I & M moves this Court to dismiss Marathon's Third-Party Complaint on the grounds that by settling with plaintiff, I & M has extinguished all liability it may have to others who may also be liable to plaintiff. Marathon is potentially liable to plaintiff. As a preliminary matter, this Court GRANTS I & M's Motion to Substitute (Document No. 78) the original signed release for the copy attached to I & M's Motion to Dismiss the Third-Party Complaint.

■ The Illinois Contribution Among Joint Tortfeasors Act provides that "[t]he tortfeasor who settles with a claimant pursuant to paragraph (c) [quoted above] is discharged from all liability for any contribution to any other tortfeasor." Ill.Rev. Stat. ch. 70, ¶ 302(d) (1985). Under the Contribution Act, the settlement must be in "good faith" before it precludes a co-tortfeasor's right of contribution. Marathon asserts that the settlement between the plaintiff and I & M did not comport with the spirit of the Contribution Act and was not in good faith.

The Supreme Court of Illinois has explicated the purpose of the Contribution Act in two recent cases. In *Rakowski v. Lucente*, 104 Ill.2d 317, 325, 84 Ill.Dec. 654, 658, 472 N.E.2d 791, 795 (1984), the supreme court stated:

> As a matter of public policy the settlement of claims should be encouraged. If we were now to add limitations not expressed in the general language of the settlement instrument or in the provi-

sions of the Contribution Act, we would make those who desire to end litigation wary and uncertain of what they would accomplish by settlement. *See also Ballweg v. City of Springfield,* 114 Ill.2d 107, 499 N.E.2d 1373 (1986). Marathon alleges that the settlement between I & M and plaintiff was not in good faith because I & M, plaintiff's employer, had the valid defenses of exclusive remedy of a workmen's compensation claim as well as expiration of the applicable Statute of Limitations. Nevertheless, the Supreme Court of Illinois has noted that "the potential for tort liability exists until the defense is established." *Doyle v. Rhodes,* 101 Ill.2d 1, 10–11, 77 Ill.Dec. 759, 764, 461 N.E.2d 382, 387 (1984); *see also, Johnson v. Jack B. Kelley, Inc.,* 669 F.Supp. 191, 193–94 (N.D.Ill.1987). Thus, a plaintiff may recover a tort judgment against his employer for a work-related injury if the employer fails or refuses to raise a Workers' Compensation Act defense in the belief that the plaintiff will be unable to prove negligence to a jury's satisfaction. *See Rhodes v. Industrial Com.,* 92 Ill.2d 467, 66 Ill.Dec. 83, 442 N.E.2d 509 (1982). In the instant case, I & M has raised none of the defenses Marathon alleges it had. I & M was therefore potentially liable for plaintiff's injuries, and any settlement entered into with plaintiff could not be in bad faith on the grounds alleged by defendant.

Accordingly, I & M's Motion to Dismiss the Third–Party Complaint (Document No. 74) is GRANTED.

**3. Marathon's Motion for Set–Off.**

■ Marathon moves that this Court grant it a set-off on any verdict against it in the amount of the workmen's compensation lien and $10,000, the amount of consideration recited in the release executed by plaintiff. Marathon asserts that § 302(c) of the Contribution Act authorizes the requested set-off. As a preliminary matter, the Court GRANTS Marathon's Motion to File a Reply Brief (Document No. 81). Marathon's Reply Brief simply clarifies its position that I & M's *waiver* of its lien rights under § 5(b) of the Workers' Compensation Act, Ill.Rev.Stat. ch. 48, ¶ 138.5(b), is the subject of the set-off.

In its response, I & M states that Marathon is entitled to a set-off in the amount of $10,000 under § 302(c) of the Contribution Act, but does not have a right to a set-off of I & M's waiver of its rights under § 5(b) of the Workers' Compensation Act. The Court agrees that § 302(c) only warrants a $10,000 set-off.

Marathon alleges that the value of I & M's waiver of its compensation lien should be set-off against any award to plaintiff in order to avoid contravening the policies of this state disallowing double recovery by tort plaintiffs. As I & M correctly observes, none of the cases Marathon cites address the issue of a defendant's right to set-off from a jury award the amount of worker's compensation benefits previously paid to a plaintiff. They also do not support Marathon's claim that an employer's waiver of its workmen's compensation lien should inure to a joint tortfeasor's benefit.

In *Pierce v. Commonwealth Edison Co.,* 101 Ill.App.3d 272, 56 Ill.Dec. 855, 428 N.E.2d 174 (3d Dist.1981), the Illinois Appellate Court for the Third District succinctly stated the common law rule Illinois courts follow:

> It should be noted that our courts have universally held that a worker's compensation recovery is money received by the injured party from a collateral source which should not off-set a judgment in an action based on common law negligence.

428 N.E.2d at 178 (citations omitted).

Marathon's unsupported claim that a waiver of a worker's compensation lien should operate as a set-off benefitting a joint tortfeasor even though actual payment of a worker's compensation claim would not be a set-off raises a false distinction and does violence to the policies served by the Contribution Act.

Since the Contribution Act was enacted on September 14, 1979, no Illinois court has directly confronted the issue of a non-employer defendant setting-off the compensation lien of an employer-tortfeasor who settled. Nevertheless, the Illinois Appellate Court for the First District impliedly addressed the issue in *Doellman v. Warner*

& *Swasey Co.*, 147 Ill.App.3d 842, 101 Ill. Dec. 366, 498 N.E.2d 690 (1st Dist.1986). In evaluating whether a settlement was entered into in good faith, the court determined that a settling employer/third—party defendant gave consideration for its release by paying $140,000 to a primary defendant, who contributed $5,000 and passed it on to plaintiff, and by waiving its compensation lien (which was worth $56,925). The court found that the settlement was in good faith, but did not consider the dollar value of the compensation lien waiver as part of the total settlement value. 498 N.E.2d at 697. It is therefore apparent that Illinois courts still regard an employer's waiver of its compensation lien as a collateral source of recovery not intended to benefit a primary or joint tortfeasor.

Accordingly, Marathon's Motion for Set–Off (Document No. 76) is GRANTED to the extent of the $10,000 I & M turned over to plaintiff, but DENIED as to the value of I & M's waiver of its workers' compensation lien.

In summary, it is hereby ORDERED that plaintiff's Motion to Drop a Misjoined Party (Document No. 79) is GRANTED.

IT IS FURTHER ORDERED THAT Marathon's Motion to Dismiss the Amended Complaint (Document No. 75) is DENIED.

IT IS FURTHER ORDERED THAT I & M's Motion to Dismiss the Third–Party Complaint (Document No. 74) is GRANTED.

IT IS FURTHER ORDERED THAT Marathon's Motion to File a Reply Brief (Document No. 81) is GRANTED.

IT IS FURTHER ORDERED THAT Marathon's Motion for Set–Off (Document No. 76) is GRANTED in part and DENIED in part. Marathon is entitled to a set-off of $10,000 but is not entitled to a set-off in the amount of the value of I & M's waiver of its workers' compensation lien.

IT IS SO ORDERED.