(No. 64309.—

PAUL THATCHER *et al.*, Appellees, v. COMMON-WEALTH EDISON COMPANY *et al.*, Appellants.

*Opinion filed July 20, 1988.*

STAMOS, J., took no part.

MILLER, J., dissenting.

David J. Dubicki and Brian D. Mooty, of Peoria (Kavanagh, Scully, Sudow, White & Frederick, P.C., of counsel), for appellant Commonwealth Edison Company.

Bradley W. Dunham, of Quinn, Johnston, Henderson & Pretorius, of Peoria, for Dow Chemical Company *et al.*

JUSTICE WARD delivered the opinion of the court:

The plaintiff, Paul Thatcher, brought an action in the circuit court of Tazewell County against the defendants, Commonwealth Edison Company (Com Ed) and Dow Chemical Company (Dow), to recover for personal injuries he sustained at a plant of Com Ed while working with a high-pressure water hose designed and manufactured by Dow. Com Ed filed a third-party action against Dow seeking contribution under an "An Act in relation to contribution among joint tortfeasors" (Ill. Rev. Stat. 1979, ch. 70, par. 301 *et seq.*) and indemnity under the common law doctrine of implied indemnity. The third-party complaint asserted, *inter alia*, a strict products liability theory of recovery. Com Ed entered into a settlement with the plaintiff and the trial court dismissed Com Ed's contribution claim against Dow pursuant to section 2(e) of the Contribution Act (Ill. Rev. Stat. 1979, ch. 70, par. 302(e)). The trial court also dismissed Com Ed's indemnity claim, stating that with the adoption of contribution among joint tortfeasors (see Ill. Rev. Stat. 1979, ch. 70, par. 302 *et seq.*; *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1), actions for implied indemnity were abolished. The appellate court, with one justice dissenting, affirmed. (147 Ill. App. 3d 534.) We granted Com Ed's petition for leave to appeal under our Rule 315. 107 Ill. 2d R. 315.

On January 29, 1981, the plaintiff, Paul Thatcher, was employed by Schnider, Inc., as a boilermaker. Under a contract between Com Ed and Schnider, the plaintiff was sent to Com Ed's power plant to clean condenser tubes. Normally Dow's employees performed this work, but because of a jurisdictional union dispute, the actual cleaning work was being performed by the boilermaker's union, of which the plaintiff was a member. To clean the tubes, the plaintiff was required to stand on a scaffold and insert a large hose, which, as stated, was designed and manufactured by Dow, into the mouth of the tube. When the operator of the equipment would activate a foot pedal, which was placed on the scaffold, the hose under high pressure would propel a stream of water into the tube. The plaintiff was injured when the scaffold he was standing on "wobbled and rocked," he said, causing him, without his intending to do so, to activate the foot pedal. The stream of water from the hose struck his hand, causing injuries.

The plaintiff filed a four-count complaint in the circuit court of Tazewell County against Com Ed and Dow. Counts I and III set out a cause of action against Com Ed and Dow under the Structural Work Act (Ill. Rev. Stat. 1979, ch. 48, pars. 60 through 69); count II alleged Com Ed was negligent in providing the plaintiff with equipment without sufficient safety devices; and count IV charged Dow with negligence in the design and manufacturing of the hose.

Com Ed filed an action against Dow seeking contribution under the Contribution Act (Ill. Rev. Stat. 1979, ch. 70, par. 301 *et seq.*) and indemnity predicated on the common law doctrine of implied indemnity. The third-party complaint pleaded products liability as the ground for recovery, stating that the hose the plaintiff was using had been manufactured by Dow and was in an unreasonably dangerous condition at the time it left Dow's control.

Before trial, the plaintiff entered into a settlement agreement with Com Ed and Schnider. The trial court found that the settlement was in "good faith" under section 2(c) of the Contribution Act (Ill. Rev. Stat. 1979, ch. 70, par. 302(c)) and dismissed Com Ed's counts for contribution against Dow in accordance with sections 2(d) and (e) of the Contribution Act (Ill. Rev. Stat. 1979, ch. 70, pars. 302(d), (e)).

Section 2(d) of the Act provides:

> "The tortfeasor who settles with a claimant pursuant to paragraph (c) is discharged from all liability for any contribution to any other tortfeasor." (Ill. Rev. Stat. 1979, ch. 70, par. 302(d).)

Section 2(e) provides:

> "A tortfeasor who settles with a claimant pursuant to paragraph (c) is not entitled to recover contribution from another tortfeasor whose liability is not extinguished by the settlement." (Ill. Rev. Stat. 1979, ch. 70, par. 302(e).)

The trial court also dismissed Com Ed's claim for indemnity against Dow, holding that all implied indemnity actions were abolished by the Contribution Act.

Com Ed appealed the dismissal of its indemnity claim against Dow, and the appellate court affirmed, with one justice dissenting. The court stated that "the Contribution Act did away with implied indemnity among joint tort feasors and substituted contribution in its place." (147 Ill. App. 3d 534.) We granted Com Ed's petition for leave to appeal under our Rule 315. 107 Ill. 2d 315.

In *Frazer v. A. F. Munsterman, Inc.* (1988), 123 Ill. 2d 245, this court held that a claim for implied indemnity based on an underlying action "regarding a defective product" (*Allison v. Shell Oil Co.* (1986), 113 Ill. 2d 26) cannot be maintained where the one seeking indemnity was negligent or otherwise at fault in causing the loss.

We cited this court's decision in *Allison v. Shell Oil Co.* (1986), 113 Ill. 2d 26, 31:

" '[G]overning principle[s] in this jurisdiction [dictate] that the costs of accidental injury are to be apportioned in accordance with the relative fault of all concerned in the action.' " *Frazer v. A. F. Munsterman, Inc.* (1988), 123 Ill. 2d 245, 262.

The situation here does differ from *Frazer* in that there the third-party plaintiff had been found to be negligent. Com Ed was not held to have been negligent, but under the circumstances of this case Com Ed should be considered as a party to be denied indemnity under *Frazer* as a tortfeasor subject to the principle of comparative fault. Here Com Ed was sued for negligence and for violating the Structural Work Act. Under either theory of recovery, it was claimed to have been at fault. Liability under the Structural Work Act does not contemplate strict liability. (*Allison v. Shell Oil Co.* (1986), 113 Ill. 2d 26, 35.) If it were shown that Com Ed's negligence or violation of the provisions of the Structural Work Act was a causative factor in the plaintiff's injuries, Com Ed would, under *Frazer*, be barred from implied indemnity. To avoid trial and, it must be considered, a holding that it was liable, Com Ed made a substantial settlement with the plaintiff. (Under the terms of the settlement, the plaintiff was to be paid $130,000. Com Ed was to pay $80,000 and the plaintiff's employer $50,000. In addition, the employer agreed to waive a workers' compensation lien of $104,798. Both Com Ed and the employer were represented by the same attorney and, as the appellate court noted, "it appears that Com Ed furnished all the consideration for the settlement.")

It should be noted that the trial and appellate courts here spoke too broadly when they declared that implied indemnity had been abolished by the Contribution Act. See *Allison v. Shell Oil Co.* (1986), 113 Ill. 2d 26; *Frazer v. A. F. Munsterman, Inc.* (1988), 123 Ill. 2d 245, 253-56 (for questions not finally determined).

For the reasons stated, the judgment of the appellate court is affirmed.

*Affirmed.*

JUSTICE STAMOS took no part in the consideration or decision of this case.

JUSTICE MILLER, dissenting:

I do not agree with the majority that Commonwealth Edison Company's settlement of the plaintiff's action against it should now bar Edison from bringing an action against Dow Chemical Company for implied indemnity. The majority presumes that the settlement has established Edison's liability to the plaintiff on the grounds asserted in the plaintiff's complaint, grounds that would preclude an action by Edison for implied indemnity. The majority therefore concludes that Edison is "a tortfeasor subject to the principle of comparative fault" (123 Ill. 2d at 279) and hence a party for whom the implied indemnity doctrine must remain unavailable. I cannot accept the first step in the majority's analysis, and for that reason I dissent.

The plaintiff sued both Edison and Dow for common law negligence and for violations of the Structural Work Act (Ill. Rev. Stat. 1981, ch. 48, pars. 60 through 69); Edison in turn sought indemnity from Dow as the "upstream" manufacturer or distributor of a defective product. Had the plaintiff proved Edison's liability upon either theory in his complaint, Edison would now be barred, under our holding in *Frazer v. A. F. Munsterman, Inc.* (1988), 123 Ill. 2d 245, from bringing an action against Dow for implied indemnity. Edison chose to settle the plaintiff's action, however, and I do not agree with the majority that the mere settlement of those claims is equivalent to a finding or verdict sustaining their validity.

Under the majority's reasoning, the unproved allegations in the plaintiff's complaint against Edison control the outcome here, denying Edison its third-party action for implied indemnity. In effect, the majority treats the bare settlement of the plaintiff's claims as an admission of negligence by Edison. This cannot be reconciled with the customary view regarding the effects of settlements and offers to settle. (See *Pientka v. Board of Fire Commissioners* (1984), 125 Ill. App. 3d 124, 131.) In the absence of an admission or other acknowledgment of fault by Edison, I cannot agree that the settlement of the disputed claims must bar Edison from bringing an action for implied indemnity against Dow. Edison's culpability, if any, has not yet been determined, and whether Edison was negligent or otherwise guilty of conduct that would preclude an action for implied indemnity is an issue that should be decided in Edison's third-party action.

For those reasons, I do not believe that Edison's mere agreement to settle the plaintiff's action should have the effect claimed for it by the majority. Accordingly, I dissent.