Tomislav SAVIC, Plaintiff,

v.

UNITED STATES of America, Defendant and Third Party Plaintiff,

v.

KOVILIC CONSTRUCTION CO., INC., Defendant.

No. 83 C 5388.

United States District Court, N.D. Illinois, E.D.

Aug. 2, 1988.

Bogdan Martinovich, Ray & Glick, Libertyville, Ill., for plaintiff.

Mark A. Flessner, Asst. U.S. Atty., Chicago, Ill., for defendant and third party plaintiff.

Kenneth A. Helmin, Thomas J. Karacic, Katz, Karacic & Helmin, Francis J. Marasa, Marvin Riman, Sweeney & Riman, Ltd., Chicago, Ill., for third party defendant.

MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

In 1983, plaintiff Tomislav Savic ("Savic") recovered in excess of $93,000 on a worker's compensation claim arising out of injuries he sustained in 1981 while working as an employee for the Kovilic Construction Co., Inc. ("Kovilic"). *See* Illinois Workers' Compensation Act, Ill.Rev.Stat. ch. 48, ¶ 138.1 et seq. Because the accident occurred on a naval base while Kovilic was acting as contractor for the United States

of America ("the United States"), Savic subsequently filed this lawsuit against the United States under the Federal Torts Claims Act, 28 U.S.C. § 2671 et seq., alleging negligence and violations of the Illinois Structural Work Act, Ill.Rev.Stat. ch. 48, ¶ 69. On February 21, 1984, the United States filed a third-party complaint against Kovilic, seeking recovery under a theory of active/passive indemnity. Two years later it added a claim under the Illinois Contribution Among Joint Tortfeasors Act ("the Contribution Act"), Ill.Rev.Stat. ch. 70, ¶ 301 et seq. The parties subsequently dismissed the active/passive indemnity claim by stipulation.

For the past four years, the parties have engaged in extensive settlement negotiations in a variety of combinations—Savic has negotiated with the United States, the United States has negotiated with Kovilic, and Kovilic has negotiated with Savic. Finally, after the United States rejected an offer by Kovilic of $100,000 on the third-party complaint, and tendered a maximum $25,000 offer to Savic on the primary complaint, Kovilic and Savic negotiated a settlement ("the Settlement") whereby, Kovilic would pay Savic $100,000 and Savic would release Kovilic from liability for its part in the accident.

■ The Settlement was conditioned on this court ruling that it was a "good faith settlement" under the Contribution Act, ¶ 302(c), for if, but only if, the court did so, then ¶ 302(d) would bar the United States'

claim for contribution against Kovilic.[1] The United States responded to the Settlement in two ways: it argued that the Settlement was not a good faith settlement under Illinois law; and it sought leave to file a second amended third-party complaint adding, for the first time, a claim for *contractual* indemnity under its contract with Kovilic.[2]

The court has no difficulty concluding that the Settlement was in good faith for the purposes of the Contribution Act. The Illinois courts have instructed that although whether a settlement is in good faith is a discretionary question for the trial court, the Illinois public policy favoring "peaceful and voluntary resolutions of claims through settlement agreements" imposes a heavy burden on those seeking to "establish the invalidity of ... [such] agreement[s]." *O'Connor v. Pinto Trucking Service, Inc.*, 149 Ill.App.3d 911, 916, 103 Ill.Dec. 242, 501 N.E.2d 263 (1986); *Wasmund v. Metropolitan Sanitary District*, 135 Ill.App.3d 926, 928, 90 Ill.Dec. 532, 482 N.E.2d 351 (1985); *see also Rakowski v. Lucente*, 104 Ill.2d 317, 325, 84 Ill.Dec. 654, 472 N.E.2d 791 (1984). The court should reject the settlement only if the objecting party establishes by clear and convincing evidence that the amount of settlement is so low as to suggest a collusive arrangement unrelated to the lawsuit. *See Doellman v. Warner & Swasey Co.*, 147 Ill.App.3d 842, 101 Ill.Dec. 366, 498 N.E.2d 690 (1986); *O'Connor v. Pinto Trucking Service, Inc.*, 149 Ill.App.3d at 918, 103

---

1. Section 302 of the Contribution Act provides, in pertinent part:

   (c) When a Release or Covenant Not to Sue or not to enforce judgment is in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any other tortfeasors from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the other to the extent of any amount stated in the Release or the Covenant, or in the amount of the consideration actually paid for it, whichever is greater.

   (d) The tortfeasor who settles with a claimant pursuant to Paragraph (c) is discharged from all liability for any contribution to any other tortfeasor.

2. Kovilic's contract with the United States includes the following clause:

   The Contractor shall, without additional expense to the Government, be responsible for obtaining any necessary licenses and permits, and for complying with any applicable Federal, State and municipal laws, codes, and regulations, in connection with prosecution of the work. He shall be similarly responsible for all damages to person or property that occur as a result of his fault or negligence. He shall take proper safety and health precautions to protect the work, the workers, the public, and the property of others. He shall also be responsible for all materials delivered and work performed until completion and acceptance of the entire construction work, except for any completed unit of construction thereof which therefore may have been accepted.

Ill.Dec. 242, 501 N.E.2d 263; *Perez v. Espinoza,* 137 Ill.App.3d 762, 766, 92 Ill.Dec. 377, 484 N.E.2d 1232 (1985).

The United States does not even come close to establishing that the $100,000 [3] settlement here represents a bad faith agreement. Savic has accepted this amount because he realizes that Kovilic's insurance coverage is not unlimited, and because he loses nothing by removing Kovilic from the lawsuit. Kovilic, in turn, has offered $100,000 because this amount falls within its insurance coverage and because of the protection the Settlement provides it under the Contribution Act. Furthermore, in light of the United States' maximum offer of $25,000 to Savic, $100,000 appears to fall well within a reasonable range of Kovilic's potential liability under the Contribution Act.

Indeed, the United States' real dispute here is not that Savic and Kovilic have settled for $100,000, but that they have settled at all. Since Kovilic could escape any liability to Savic merely by raising its Workers' Compensation Act exclusivity defense, Ill.Rev.Stat. ch. 48, ¶ 138.5; *see Doyle v. Rhodes,* 101 Ill.2d 1, 77 Ill.Dec. 759, 461 N.E.2d 382 (1984), the United States thinks it eminently unfair that Kovilic may avoid its liability to the United States under the Contribution Act by "settling" with Savic.

This court cannot deny that there is something odd in the notion of a party settling with an "adversary" to whom it need pay nothing at all. Yet, as a federal court sitting in diversity, this court's role is not to say what state law should be, but rather to determine what it is. *Harris v. Karri-on Campers, Inc.,* 640 F.2d 65, 68 (7th Cir.1981). And recent Illinois cases make it abundantly clear that, were the Illinois Supreme Court to decide the matter today, it would rule that an employer and an employee can enter into a good faith settlement notwithstanding the employer's

available worker's compensation defense. *Dixon v. Northwestern Publishing Co.,* 166 Ill.App.3d 745, 117 Ill.Dec. 581, 520 N.E.2d 932 (1988); *Johnson v. Jack B. Kelley, Inc.,* 669 F.Supp. 191 (N.D.Ill.1987); *see also Ballweg v. City of Springfield,* 114 Ill.2d 107, 102 Ill.Dec. 360, 499 N.E.2d 1373 (1986) (finding good faith settlement although settling defendant could have raised statute of limitations as an absolute affirmative defense); *Doyle v. Rhodes, supra* (employer is "subject to liability in tort" to employee despite availability of worker's compensation affirmative defense); *Doellman v. Warner & Swasey Co.,* 147 Ill.App.3d at 848, 101 Ill.Dec. 366, 498 N.E.2d 690 (employer could obtain benefits of ¶ 302(d) of the Contribution Act because it was "subject to liability in tort" despite worker's compensation defense). *Contra LeMaster v. Amsted Industries Inc.,* 110 Ill.App.3d 729, 66 Ill.Dec. 454, 442 N.E.2d 1367 (1982). Accordingly, this court finds that the Settlement was in good faith for the purposes of ¶ 302(d) of the Contribution Act.

■ The United States' motion to file its second amended complaint adding a claim for contractual indemnity poses a slightly greater problem. Its contract with Kovilic certainly appears to grant the United States a right to indemnity from Kovilic for injuries resulting from Kovilic's negligence. Further, because this indemnity substantially overlaps the contribution claim, allowing the amendment would not necessitate additional discovery in the case. In short, the motion to amend has considerable merit.

Nevertheless, this court believes that the proper course here is to deny the amendment. That the motion comes more than four years after the original third-party complaint, and that its purpose is clearly to avoid Kovilic's dismissal from the suit, do not on their own necessitate denying the

---

**3.** The United States' argument that the purported $100,000 settlement really only amounts to a net of $30,000 because of the $70,000 workmen's compensation lien against Savic's eventual recovery in this case is unpersuasive. While Savic may only walk away with $30,000 in cash from his settlement with Kovilic, the satisfaction of the lien will mean that he can keep the entire amount of any recovery he wins from the United States. Likewise, Kovilic will not only have to pay $30,000 out of pocket, but will also lose the right to recover the first $70,000 of Savic's verdict against the United States.

amendment. *E.g., Howey v. United States*, 481 F.2d 1187 (9th Cir.1973). However, there are other factors here mandating that result.

Kovilic and Savic entered into settlement negotiations after their negotiations with the government proved unsuccessful. They conditioned their agreement on a single event—this court's ruling that the Settlement was a "good faith settlement" for the purposes of the Contribution Act. Because this court has determined that the Settlement was in good faith, there is a substantial question as to whether Kovilic would remain bound by it even if this court allowed the contractual indemnity claim and thus denied Kovilic dismissal from the case.

If the Settlement did remain binding, then the prejudice to Kovilic would be manifest: Kovilic not only would have to pay Savic $100,000, but would still remain liable for its part in the accident. Clearly, Kovilic would not have agreed to pay Savic $100,000 for its dismissal from the Contribution Act claim had it known that it would still face liability—indeed, identical potential liability—under a contractual indemnity claim.

Furthermore, even were the court to permit Kovilic to escape its settlement agreement with Savic—e.g., by ruling that the new claim presents a change in material fact nullifying the Settlement—Kovilic and Savic would still be prejudiced by the added claim. Settlements do not spring from trees; they result from long and arduous work in which the parties may reveal a good deal about their cases in order to reach a mutually satisfactory agreement. To allow the government to walk in at this late date and toss a grenade into the works would severely undermine the confidence with which the parties approach settlement negotiations in the future. *Cf. Rakowski v. Lucente*, 104 Ill.2d 317, 325, 84 Ill.Dec. 654, 472 N.E.2d 791 (1984) (rule favoring finding good faith settlement is designed to bolster the confidence of negotiating parties that their settlements will terminate the litigation between them).

The United States has not even attempted to explain why it waited more than four years to suddenly assert its contractual claim. Absent such an explanation, and in light of the prejudice an amendment would create for the other parties in this case, this court will deny the United States' motion to file its second amended third-party complaint.

## CONCLUSION

Third-party defendant Kovilic's motion to approve good-faith settlement is granted; third party plaintiff United States' motion to file second amended third-party complaint is denied. Third-party defendant Kovilic is dismissed from the case.