ERIC VAN BERKUM, Plaintiff, v. TONY CHRISTIAN *et al.*, Defendants (Tony Christian, Counterplaintiff-Appellant; Cigarette Racing Team, Ltd., *et al.*, Counterdefendants-Appellees).

First District (1st Division)   No. 86—0154

Opinion filed September 12, 1988.—Rehearing denied October 25, 1988.—Modified opinion filed October 31, 1988.

Richard F. Johnson, Hugh C. Griffin, and Diane I. Jennings, all of Lord, Bissell & Brook, of Chicago, for appellant.

Stephen E. Sward and Clifford E. Berman, both of Rooks, Pitts, Fullagar & Poust, of Chicago, for appellees Brunswick Corporation and Mer Cruiser Division of Brunswick Corporation.

Williams & Montgomery, Ltd., of Chicago, for appellee Cigarette Racing Team, Ltd.

JUSTICE O'CONNOR delivered the opinion of the court:

Tony Christian appeals from dismissal of a third-party claim for contribution and implied indemnity, brought against codefendants in an underlying action for personal injuries brought by Eric Van Berkum. For the reasons stated below, we affirm.

On September 7, 1981, Eric Van Berkum was a passenger on a boat owned and operated by Tony Christian. While docking the craft at Navy Pier, Christian attempted to slow down by shifting the engine into reverse. The boat failed to shift and continued forward, causing Van Berkum to fall and catch his hand between the boat and the wall

of the pier. Van Berkum suffered severe injuries as a result.

On October 21, 1981, Van Berkum filed a complaint against Christian, alleging negligence in the operation and maintenance of the boat and demanding $250,000 in damages. On September 6, 1983, Van Berkum amended his complaint to include Cigarette Racing Team, Brunswick Corporation and Mer Cruiser, a division of Brunswick, and Presolite Company, a division of Eltra Corporation, and Allied Chemical Corporation (manufacturing defendants), alleging strict products liability due to improper design of the gear-shifting mechanism on Christian's boat. On December 21, 1983, Christian filed a third-party complaint for contribution and implied indemnity against the manufacturing defendants, alleging negligence and strict liability. On September 9, 1985, Van Berkum filed a second amended complaint, adding a count against Christian alone, based on Federal maritime law, alleging that Christian had breached a duty to provide a safe and seaworthy boat. Subsequently, Van Berkum received a $20,000 settlement from the manufacturing defendants, who then moved to dismiss Christian's third-party complaint.

On December 16, 1985, in a hearing on the motion to dismiss, the trial court ruled that the settlement between Van Berkum and the manufacturing defendants satisfied the good-faith requirement of section 2(c) of "An Act in relation to contribution among joint tortfeasors" (Ill. Rev. Stat. 1987, ch. 70, par. 302(c)) (the Contribution Act). The trial court then dismissed Christian's third-party complaint, ruling that both contribution and implied indemnity were barred by section 2(d) of the Contribution Act, which states that a "tortfeasor who settles with a claimant [in good faith] is discharged from all liability for any contribution to any other tortfeasor." (Ill. Rev. Stat. 1987, ch. 70, par. 302(d).) Christian subsequently appealed. On March 17, 1986, Christian and Van Berkum reached a settlement in the amount of $122,000. Van Berkum is not a party to the instant appeal.

The principal issue is whether the Illinois Contribution Act bars actions for implied indemnity against settling joint tortfeasors, an issue that was unsettled at the time the instant appeal was filed. The issue was addressed, however, in two recent Illinois Supreme Court opinions, *Thatcher v. Commonwealth Edison Co.* (1988), 123 Ill. 2d 275, and *Frazer v. A. F. Munsterman, Inc.* (1988), 123 Ill. 2d 245, which show that in the instant case Christian may not pursue an action for implied indemnity.

In *Frazer v. A. F. Munsterman,* the Illinois Supreme Court held that a claim for indemnity could not be maintained where the one seeking indemnity was found negligent in an underlying action based

on a defective product. (123 Ill. 2d at 261-62.) Plaintiff Doris Frazer suffered injuries when a rental trailer fastened to the back of a pickup truck with a portable hitch separated from the truck and veered into the path of her car. Frazer brought actions in negligence and strict products liability against the operator of the trailer rental agency and various manufacturers of the portable hitch and trailer. The rental agency operator, Munsterman, brought a third-party claim against the manufacturers for contribution and implied indemnity. (123 Ill. 2d at 252.) The manufacturers settled with Frazer, and Munsterman was found liable for negligence in a jury trial. Munsterman's claim for contribution was barred by the Contribution Act, and the supreme court affirmed dismissal of the implied indemnity claim because Munsterman had been found negligent. The supreme court stated, however, that the Contribution Act had not abolished all actions for implied indemnity. 123 Ill. 2d at 254-55.

Relying on *Frazer*, the supreme court held in *Thatcher v. Commonwealth Edison Co.* (1988), 123 Ill. 2d 275, that a defendant who settled with the plaintiff in an underlying suit could not maintain a third-party claim for implied indemnity. In *Thatcher*, the plaintiff sued Commonwealth Edison Company (Com Ed) and Dow Chemical Company (Dow) for injuries suffered at a Com Ed plant while using a high pressure hose designed and manufactured by Dow. Com Ed brought a third-party claim against Dow, based on strict products liability, seeking contribution and implied indemnity. Before trial, Com Ed settled with Thatcher, and the trial court dismissed Com Ed's claim. The Illinois Supreme Court affirmed, but repeated that the Contribution Act had not extinguished implied indemnity actions. (123 Ill. 2d at 279.) The court stated that although Com Ed had not been found negligent, Com Ed had been sued solely under theories requiring a finding of fault, and had it been found liable, would have been barred from indemnity under *Frazer*. (123 Ill. 2d at 279.) The court further stated that Com Ed's substantial settlement had been made, at least in part, to avoid a holding of liability, and apparently based its holding on this fact. (123 Ill. 2d at 279.) Because the instant case parallels *Thatcher*, we hold that Christian may not seek indemnity.

In the instant case, the underlying action concerns a defective product, the faulty gear shift mechanism in Christian's boat. The counts against Christian were based on negligence and Federal maritime law, both of which base liability on fault.

■ We note that although Van Berkum alleged failure to provide a safe and seaworthy vessel, he could not sustain a claim under the doctrine of unseaworthiness. The doctrine of unseaworthiness, a spe-

cies of liability without fault, imposes upon a shipowner the absolute duty to provide a safe and seaworthy vessel, but extends only to seamen and other workers exposed to the same perils as seamen. (*Seas Shipping Co. v. Sieracki* (1946), 328 U.S. 85, 90 L. Ed. 1099, 66 S. Ct. 872.) All others on board a ship for purposes "not inimical to [the shipowner's] legitimate interests" are owed the duty of reasonable care under the circumstances of each case. (*Kermarec v. Compagnie Generale Transatlantique* (1959), 358 U.S. 625, 632, 3 L. Ed. 2d 550, 555, 79 S. Ct. 406, 410.) The duty of reasonable care with respect to guest passengers applies to owners of small craft. (See *Armour v. Gradler* (W.D. Pa. 1978), 448 F. Supp. 741.) Van Berkum alleged that at the time of his injury he was on board Christian's boat as a passenger and guest invitee. Van Berkum was therefore not a member of the class of workmen to whom admiralty law has extended the absolute right of a seaworthy ship. (See *Kermarec*, 358 U.S. at 629, 3 L. Ed. 2d at 554, 79 S. Ct. at 409.) Although a guest may aid in the mooring, anchoring, or casting off of the vessel, Van Berkum did not allege that he came aboard for the purpose of aiding in navigation or engaging in a crewman's duties. Under these circumstances, it would be improper to assign to Van Berkum seaman status. (See *Armour v. Gradler* (W.D. Pa. 1978), 448 F. Supp. 741.) Christian therefore owed to Van Berkum no absolute duty, but rather a duty of reasonable care. Thus Christian, like Com Ed in *Thatcher*, faced claims basing liability on fault.

■ Christian, like Com Ed, filed a third-party claim against the manufacturers of the defective product, basing recovery on a theory of implied indemnity. The trial courts dismissed the third-party claims of both Christian and Com Ed on the grounds that the Contribution Act extinguished actions for implied indemnity.

In *Thatcher*, Com Ed settled with the plaintiff for a substantial part of the damages. In the instant case, Christian settled with Van Berkum for $122,000, almost 50% of Van Berkum's demand for $250,000 in damages. Therefore, because the instant case parallels *Thatcher* in terms of the relationships among the parties, the procedural posture, and the identity of issues raised, we hold that under *Thatcher*, Christian may not recover from the manufacturing defendants under a theory of implied indemnity.

■ Christian also argues that despite the Contribution Act, his claim for contribution remains viable for two reasons. First, Federal maritime law, which formed the basis for one of the counts brought against Christian, preempts the Contribution Act and allows contribution from settling tortfeasors. Second, in the event that the Contribu-

tion Act was not preempted, the settlement for $20,000 between Van Berkum and the manufacturing defendants, being merely 8% of the claimed damages, did not fulfill the Contribution Act's requirement of good faith. Both arguments are without merit.

Christian claims that because Van Berkum alleged a maritime claim against him, he is entitled to contribution from the manufacturing defendants, who are also the third-party defendants. Van Berkum did not, however, allege a maritime claim against the manufacturing defendants. Further, Christian's third-party claim for contribution was based only on negligence and strict products liability. Therefore, the maritime law which Christian argues provides a right of contribution is wholly inapplicable to either the third-party defendants or the subject matter of the third-party claim.

Christian further argues that even if the Contribution Act applied, the settlement between Van Berkum and the manufacturing defendants lacked good faith, demonstrated by comparison of the settlement to the damages demanded. Christian also claims that the trial court erred in not giving Christian a hearing to determine whether the settlement was made in good faith. We disagree.

■ Although comparison of the settlement to the damages asked has been used to determine good faith, the current trend is to reject the so-called "ratio test" (*e.g.*, *Doellman v. Warner & Swasey Co.* (1986), 147 Ill. App. 3d 842, 849, 498 N.E.2d 690; *Ballweg v. City of Springfield* (1984), 130 Ill. App. 3d 241, 250, 473 N.E.2d 342, *aff'd in part and rev'd in part* (1986), 114 Ill. 2d 107, 499 N.E.2d 1373; *Lowe v. Norfolk & Western Ry. Co.* (1984), 124 Ill. App. 3d 80, 94, 463 N.E.2d 792, *appeal denied* (1984), 101 Ill. 2d 547) or to treat it as only one factor in determining good faith, because damages are often speculative. (*O'Connor v. Pinto Trucking Service, Inc.* (1986), 149 Ill. App. 3d 911, 916, 501 N.E.2d 263; *Perez v. Espinoza* (1985), 137 Ill. App. 3d 762, 763-64, 484 N.E.2d 1232.) A settlement will not be overturned absent clear and convincing evidence of fraud or mutual mistake. (*Kalman v. Bertacchi* (1978), 57 Ill. App. 3d 542, 373 N.E.2d 550.) Further, the decision whether to hold a hearing on the settlement is within the discretion of the trial court. See *Perez v. Espinoza* (1985), 137 Ill. App. 3d 762, 763-64, 484 N.E.2d 1232; *Barreto v. City of Waukegan* (1985), 133 Ill. App. 3d 119, 128, 478 N.E.2d 581; *Pell v. Victor J. Andrew High School* (1984), 123 Ill. App. 3d 423, 435, 262 N.E.2d 858, *appeal denied* (1984), 101 Ill. 2d 567.

■ In the instant case, the trial court was familiar with the facts and based its determination of good faith on the arguments and authorities presented in a hearing on the manufacturing defendants' mo-

tion to dismiss the third-party claim. There is no evidence that the court erred in its finding of good faith, or abused its discretion in refusing to hold a separate evidentiary holding.

In summary, we hold that because the counts against Christian contemplated the finding of fault, and Christian entered into a settlement with Van Berkum, Christian's claim for implied indemnity is barred. We further hold that the Contribution Act, which extinguished Christian's right of contribution from the manufacturing defendants, was not preempted by Federal law and that the settlement between Van Berkum and the manufacturing defendants was reached in good faith. Therefore, Christian's third-party claim for contribution and indemnity was properly dismissed.

Affirmed.

CAMPBELL, P.J., and BUCKLEY, J., concur.