MAUDIE CHRISTMAS, Plaintiff, v. JESSE HUGHES, Defendant and Third–Party Plaintiff-Appellant (Lawrence ˙ J. Williams, Third–Party Defendant-Appellee).

First District (1st Division)   No. 1—88—2877

Opinion filed August 14, 1989.

Parrillo, Weiss & Moss, of Chicago (Keely Truax, of counsel), for appellant.

Jesmer & Harris, of Chicago (Laurie A. Pegler, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Maudie Christmas was injured in an automobile collision involving a Yellow Cab. Christmas executed a covenant not to sue Yellow Cab and sued Jesse Hughes, driver of another car. Hughes brought a third-party claim for contribution against Lawrence Williams, driver of the Yellow Cab. The trial court granted Williams' motion to dismiss the contribution claim due to the covenant not to sue. Hughes appeals.

On September 30, 1984, Maudie Christmas was a passenger in a car that was involved in a collision on Yates Avenue near 71st Street, Chicago. The record and the briefs are unclear as to whether two or three cars collided, who was driving which car, and in which car Christmas was a passenger. The record does show, however, that one of the cars was a Yellow Cab driven by Lawrence Williams and that Jesse Hughes was the driver of another car.

On June 18, 1985, Christmas executed a covenant not to sue the Yellow Cab Company and its agents, servants and employees for the injuries she sustained in the collision. Christmas received $300 in consideration for the covenant. On May 6, 1986, Christmas filed suit against Hughes. On July 10, 1988, Hughes filed a third-party complaint for contribution against Williams.

On July 27, 1988, Williams moved to dismiss the contribution

claim due to the covenant not to sue. A copy of the covenant was attached to the motion. The existence of the covenant was not challenged, and Hughes' attorney conceded that it applied to Williams. The trial court granted Williams' motion and dismissed the contribution claim with prejudice. Hughes appeals.

Hughes argues that the motion to dismiss the contribution claim was improperly considered because no affidavits accompanied the motion. Hughes also argues that granting the motion to dismiss was error because Williams failed to allege, and the court failed to find, that the covenant not to sue had been made in good faith. Both arguments are without merit.

■■ Hughes first argues that the trial court improperly considered Williams' motion because no affidavits were filed with the motion, a requirement of section 2—619 of the Code of Civil Procedure, where the basis for the motion is not apparent on the face of the pleadings. (Ill. Rev. Stat. 1987, ch. 110, par. 2—619.) Although the motion was not supported by affidavits, a copy of the covenant not to sue was submitted with the motion, and its existence was undisputed. Therefore, the covenant not to sue sufficed to support consideration of the motion. See *White Way Sign & Maintenance Co. v. Montclare Lanes, Inc.* (1976), 42 Ill. App. 3d 199, 201, 355 N.E.2d 632. See also *Hays v. Louisiana Dock Co.* (1983), 117 Ill. App. 3d 512, 452 N.E.2d 1383, *appeal denied* (1983), 96 Ill. 2d 560; *Meyer v. Murray* (1979), 70 Ill. App. 3d 106, 387 N.E.2d 878.

■■ Hughes next argues that Williams failed to show, and the trial court failed to find, that the covenant not to sue between Christmas and Yellow Cab had been made in good faith. Neither the Contribution Act (Ill. Rev. Stat. 1987, ch. 70, par. 301 *et seq.*) nor any case, however, requires an allegation of good faith. Rather, Hughes had the burden of showing that the covenant was made in bad faith. (*Barreto v. City of Waukegan* (1985), 133 Ill. App. 3d 119, 478 N.E.2d 581; *McCormick v. McCormick* (1983), 118 Ill. App. 3d 455, 455 N.E.2d 103; *Blaylock v. Toledo, Peoria & Western R.R. Co.* (1976), 43 Ill. App. 3d 35, 356 N.E.2d 639.) Hughes did not raise the issue of bad faith in the trial court; therefore, the issue was waived. Even assuming that the issue was preserved for appeal, Hughes could not prevail.

■■ ■ Hughes contends that because the consideration paid for the covenant, $300, was very low in comparison to the more than $15,000 in damages asked, the covenant was executed in bad faith. Although comparison of the settlement to the damages asked has been used to determine good faith, the current trend rejects the so-called "ratio test" (*e.g., Doellman v. Warner & Swasey Co.* (1986),

147 Ill. App. 3d 842, 849, 498 N.E.2d 690; *Ballweg v. City of Springfield* (1984), 130 Ill. App. 3d 241, 250, 473 N.E.2d 342, *aff'd in part, rev'd in part* (1986), 114 Ill. 2d 107, 499 N.E.2d 1373; *Lowe v. Norfolk & Western Ry. Co.* (1984), 124 Ill. App. 3d 80, 94, 463 N.E.2d 792, *appeal denied* (1984), 101 Ill. 2d 547), or treats it as only one factor in determining good faith. (*O'Connor v. Pinto Trucking Service, Inc.* (1986), 149 Ill. App. 3d 911, 916, 501 N.E.2d 263; *Perez v. Espinoza* (1985), 137 Ill. App. 3d 762, 763-64, 484 N.E.2d 1232.) A settlement will not be overturned absent clear and convincing evidence of fraud or mutual mistake (*Kalman v. Bertacchi* (1978), 57 Ill. App. 3d 542, 373 N.E.2d 550), and the decision whether to hold a hearing on the settlement lies within the discretion of the trial court. See *Perez v. Espinoza* (1985), 137 Ill. App. 3d 762, 763-64, 484 N.E.2d 1232; *Barreto v. City of Waukegan* (1985), 133 Ill. App. 3d 119, 128, 478 N.E.2d 581; *Pell v. Victor J. Andrew High School* (1984), 123 Ill. App. 3d 423, 435, 262 N.E.2d 858, *appeal denied* (1984), 101 Ill. 2d 567.

■■ ■ Here, the only attack on the good faith of the covenant made before the trial court was an assertion by Hughes' attorney that there had been no showing of good faith. Hughes offered no evidence, in fact did not even assert, that the covenant had been made on the basis of fraud or mutual mistake or any other grounds that might support a finding of bad faith. Nor did he request a hearing on the issue. Hughes does argue the fundamental fairness of the covenant, however, asserting that he was not given the same opportunity as Yellow Cab to settle with Christmas. Bad faith is not necessarily indicated, however, where a settlement has been made simply to avoid third-party liability. (*Dixon v. Northwestern Publishing Co.* (1988), 166 Ill. App. 3d 745, 752, 520 N.E.2d 932.) In the absence of any showing of bad faith, the trial court did not abuse its discretion in granting Williams' motion to dismiss.

■■ Despite conceding that the covenant applied to Williams, Hughes further argues that the covenant not to sue was in the nature of a contract between Christmas and the Yellow Cab Company and could not reach contribution claims against Williams. The covenant states, however, that Christmas agreed "forever to refrain from instituting, pressing, or in any way aiding *any claim*, or suit against Yellow Cab Company *or any of its agents, servants or employees.*" (Emphasis added.) Thus, the covenant released Yellow Cab from any claim, including contribution claims (see *Rakowski v. Lucente* (1984), 104 Ill. 2d 317, 472 N.E.2d 791), and specifically included Yellow Cab's agents, servants and employees. Thus, the covenant reached

any claims brought against Williams.

■ The trial court's dismissal of the contribution claim was consistent with the provisions of section 2 of the Contribution Act (Ill. Rev. Stat. 1987, ch. 70, par. 302), which provides:

"Right of Contribution. (a) Except as otherwise provided in this Act, where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them.
***

(c) When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury of wrongful death unless its terms so provide but it reduces the recovery on any claim against the others to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater.

(d) The tortfeasor who settles with a claimant pursuant to paragraph (c) is discharged from all liability for any contribution to any other tortfeasor.

(e) A tortfeasor who settles with a claimant pursuant to paragraph (c) is not entitled to recover contribution from another tortfeasor whose liability is not extinguished by the settlement."
(Ill. Rev. Stat. 1987, ch. 70, par. 302.)

Thus, a joint tortfeasor, who, like Williams, is included in the terms of a covenant not to sue, is discharged from all liability for any contribution to any other tortfeasor.

In summary, the covenant not to sue was sufficient to support consideration of Williams' motion to dismiss, the trial court was within its discretion to grant the motion absent any evidence of bad faith, and its ruling was consistent with the Contribution Act. Accordingly, the dismissal of the contribution claim is affirmed.

Affirmed.

CAMPBELL and BUCKLEY, JJ., concur.