CAROL JEAN MELZER, Indiv. and in a Representative Capacity on Behalf of all Persons Similarly Situated, Plaintiff, v. BAUSCH & LOMB, INC., *et al.*, Defendants (Bausch & Lomb, Inc., Counterplaintiff-Appellant; Uhlemann Optical Company of Illinois, Counterdefendant-Appellee).

First District (3rd Division)   No. 1—88—2315

Opinion Filed December 29, 1989.

Seyfarth, Shaw, Fairweather & Geraldson, and Sacks, Montgomery, Pastore & Levine, P.C., both of Chicago (Raymond J. Kelly, Robert B. Ulrich, Harry P. Sacks, Steven J. Brill, Jeffrey S. Parker, and James M. Dennis, of counsel), for appellant.

Levy, Leopold & Associates, P.C., Plotkin & Jacobs, Ltd., and Brinton, Bollinger & Ruberry, all of Chicago (S. Jerome Levy, Kathy L. Davis, John G. Jacobs, Mark F. Wolfe, and Jerome A. Vinkler, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Counterplaintiff-appellant, Bausch and Lomb, Inc. (Bausch & Lomb), appeals from an order of the circuit court which found that the settlement agreement entered into between plaintiff, Carol Melzer (Melzer), and counterdefendant-appellee, Uhlemann Optical

Company (Uhlemann), was made in good faith within the meaning of section 2(c) of the Contribution Act (Ill. Rev. Stat. 1987, ch. 70, par. 302(c)). We affirm.

On August 3, 1984, Melzer purchased extended-wear contact lenses from Uhlemann. The extended-wear lenses were designed and manufactured by Bausch & Lomb and prescribed by Dr. Aron Katz to be worn continuously for up to 30 days without removal. Following use of the lenses, Melzer developed a corneal ulcer in her right eye.

In August 1985, Melzer filed a complaint against Bausch & Lomb, Uhlemann and Dr. Katz seeking damages for injuries sustained as a result of wearing the extended-wear contact lenses. In December 1985, Melzer amended her complaint to add a class action count against Bausch & Lomb. In June 1986, Bausch & Lomb filed a counterclaim for contribution and indemnity against Uhlemann. Bausch & Lomb moved to dismiss the class action count of the complaint, and its motion was granted. Melzer thereafter filed a second-amended complaint, and Bausch & Lomb again moved to dismiss the class action count. Uhlemann also filed a motion to dismiss the complaint for failure to state a cause of action against it.

Prior to the hearing on Uhlemann's motion to dismiss, Melzer and Uhlemann entered into a settlement agreement. In exchange for a cash payment of $13,500, Melzer agreed to release Uhlemann from all liability for injuries sustained as a result of wearing the extended-wear contact lenses. On March 30, 1988, Uhlemann filed a motion for a finding of good-faith settlement pursuant to section 2(c) of the Contribution Act. Bausch & Lomb objected, and a hearing was conducted.

Bausch & Lomb filed a memorandum, and following oral argument, the trial court found that the parties' settlement agreement was made in good faith. This appeal followed.

On appeal, Bausch & Lomb argues that the trial court erred in finding that the settlement agreement between Melzer and Uhlemann was made in good faith and in failing to hold an evidentiary hearing on the issue. We disagree.

Section 2 of the Contribution Act provides in relevant part:

"(c) When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the

others to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater.

(d) The tortfeasor who settles with a claimant pursuant to paragraph (c) is discharged from all liability for any contribution to any other tortfeasor." Ill. Rev. Stat. 1987, ch. 70, par. 302.

■■ In determining whether an agreement was made in good faith within the meaning of section 2(c) of the Contribution Act, all of the surrounding circumstances must be considered. (*Wilson v. The Hoffman Group, Inc.* (1989), 131 Ill. 2d 308, 318.) The compromise of a disputed claim can provide the requisite consideration for a settlement agreement, and the compromise of a potential claim is also sufficient consideration. *Wilson*, 131 Ill. 2d at 321; *O'Connor v. Pinto Trucking Service, Inc.* (1986), 149 Ill. App. 3d 911, 917, 501 N.E.2d 263, 267.

■■ Once a preliminary showing of good-faith settlement has been made, the burden shifts to the party challenging the settlement to establish that it was not made in good faith. (*Wilson*, 131 Ill. 2d at 318-19.) A settlement will not be overturned absent clear and convincing evidence of fraud or mutual mistake. (*Christmas v. Hughes* (1989), 187 Ill. App. 3d 453, 456, 543 N.E.2d 274, 276.) The trial court is in the best position to decide what type of hearing is necessary to fully adjudicate the issue of good faith. (*Barreto v. City of Waukegan* (1985), 133 Ill. App. 3d 119, 128, 478 N.E.2d 581, 588.) The issue of good faith may be determined by the court based on arguments of counsel, or on the basis of affidavits, depositions, and other discovery materials of record. *Barreto*, 133 Ill. App. 3d at 128.

In the present case, at the hearing on the motion for a finding of good-faith settlement, the court heard extensive arguments from the attorneys for Bausch & Lomb, Uhlemann and Melzer. Uhlemann's attorney informed the court that they made an economic decision to settle the case. He stated that the case had been pending since 1985, and that after several months of negotiation, the parties had reached an agreed settlement figure. Bausch & Lomb's counsel argued that the evidence that the agreement was made in bad faith included the following: (1) Melzer amended her complaint to add a class action count against Bausch & Lomb, while failing to pursue either Dr. Katz or Uhlemann; (2) the settlement prejudiced Bausch & Lomb's contribution action; and (3) Melzer did not offer to settle with Bausch & Lomb. Melzer's attorney informed the court that his client was satisfied with the settlement. In addition, the agreement itself which

was presented to the court along with the motion for the good-faith finding indicated that the agreement compromised a valid claim and was entered into voluntarily.

■■ Under these circumstances, the trial court properly found that the settlement agreement was made in good faith. The agreement compromised a potentially viable claim, since even if the complaint did not state a cause of action against Uhlemann on its face, it could be amended to state a valid claim. Further, Bausch & Lomb failed to show by clear and convincing evidence the existence of either fraud or mutual mistake in the procurement of the agreement. Bausch & Lomb merely alleged that it could be inferred from the surrounding circumstances that the agreement was not made in good faith. Mere inferences alone, even if accepted as true, do not rise to the level of clear and convincing evidence required to overturn a settlement agreement where there has been a preliminary showing of good faith. We therefore conclude that the trial court did not err in finding that the parties' settlement agreement was made in good faith.

■■ Further, because the court considered the parties' pleadings, motions and Bausch & Lomb's memorandum in opposition to the good-faith finding, as well as extensive oral arguments before rendering a decision, we find the trial court's denial of Bausch & Lomb's request for an evidentiary hearing to have been a proper exercise of its discretion.

Accordingly, for all of the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.

FREEMAN, P.J., and CERDA, J., concur.