48 F.3d 1221
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Helen DUNLAP, Plaintiff-Appellant,
v.
CHICAGO OSTEOPATHIC HOSPITAL, Defendant-Appellee.
 No. 92-3813.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 6, 1995.*
Decided March 7, 1995.
 
 Before PELL, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 In 1986, Helen Dunlap filed a complaint against the Chicago Osteophathic Hospital (hereinafter "COH") and other defendants alleging that she was wrongfully discharged and discriminated against on the job on the basis of her race, gender and physical disability in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. In 1989, Dunlap and COH entered into a written settlement agreement which was presented to the district court. The court accepted the agreement as being a valid settlement and dismissed the complaint with prejudice on August 8, 1989.[1] Three years later, on September 3, 1992, Dunlap filed a second complaint requesting that the district court set aside the settlement agreement, reinstate her original complaint, and set a trial date. Dunlap also filed a petition to proceed in forma pauperis. The basis for her request to rescind the settlement agreement was that there had been a change in law. The district court denied her petition to proceed in forma pauperis and dismissed her complaint with prejudice under 28 U.S.C. Sec. 1915(d). Dunlap filed a motion for reconsideration which was denied. Appearing pro se, Dunlap filed this timely appeal.
 
 
 2
 A district court's dismissal of a claim filed in forma pauperis is reviewed for an abuse of discretion. Alston v. DeBruyn, 13 F.3d 1036, 1039 (7th Cir.1994); Talley v. Lane, 13 F.3d 1031, 1033 (7th Cir.1994). Such a dismissal may be effected " 'if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.' " Neitzke v. Williams, 490 U.S. 319, 324 (1989) (quoting 28 U.S.C. Sec. 1915(d))). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 327. Dunlap maintains that her reason for settling the case was that in light of a series of new civil rights cases, including Wards Cove Packing Co. v. Atonio, 490 U.S. 642 (1989), it would have been very difficult for her to "prove her case." Dunlap argues, however, that under the Civil Rights Act of 1991, Pub.L. No. 102-166, 105 Stat. 1071 (1991), her case would most likely have been successful. Dunlap contends, therefore, that because of this change in law, the settlement is void and her complaint should be reinstated. This is not a sufficient basis to rescind the settlement agreement.
 
 
 3
 A settlement agreement is considered a contract and, accordingly, the enforcement of settlement agreements is governed by principles of law applicable to contracts generally. Lumpkin v. Envirodyne Industries, Inc., 933 F.2d 449, 455 (7th Cir.1991), cert. denied, 502 U.S. 939 (1991); see generally Fleming v. U.S. Postal Service AMF O'Hare, 27 F.3d 259, 260 (7th Cir.1994), cert. denied, 115 S.Ct. 741 (1995). Whether a dispute over the settlement of a federal case (as is the case here) arises under state or federal law remains unsettled in this circuit. Fleming, 27 F.3d at 260. This, however, is of no consequence here. Dunlap argues that she would not have entered into the settlement agreement had she known that the law would change.[2] This court has held that "a party to a settlement cannot avoid the agreement merely because he subsequently believes the settlement insufficient." Taylor v. Gordon Flesch Co., 793 F.2d 858, 863 (7th Cir.1986) (citing Glass v. Rock Island Refining Corp., 788 F.2d 450 (7th Cir.1986)). This is reflective of a deeper principle of Illinois contract law--that in order to rescind a settlement agreement, the plaintiff must demonstrate through clear and convincing evidence that the agreement was entered into as a result of fraud or mutual mistake. See, e.g., Melzer v. Bausch & Lomb, Inc., 140 Ill.Dec. 166, 549 N.E.2d 817, 193 Ill.App.3d 59 (1989). Since Dunlap's complaint does not allege circumstances which would justify overturning the settlement agreement, the judgment of the district court is AFFIRMED.[3]
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Dunlap had requested $950,000 in her original complaint and settled for $2,500
 
 
 [2]
 Dunlap also maintains that she did not authorize her attorney to settle the case, that her attorney misrepresented the consequences of settling the case, and that she did not understand the terms of the settlement agreement. Regardless of the merits of these claims, since they were never raised before the district court, we will not consider them at this late stage. See Dixon v. Chrans, 986 F.2d 201, 203 (7th Cir.1993) (generally, pro se litigants are not spared from the same waiver rules faced by attorneys)
 
 
 [3]
 Additionally, we point out that "a party may not rescind a contract without returning to the other party any consideration received under it." Fleming, 27 F.3d at 260. There is no indication in the record that Dunlap has returned the $2,500 received under the settlement agreement