MARTHA WARSING, Adm'r of the Estate of Howard Warsing, Plaintiff, v. MATERIAL HANDLING SERVICES, INC., Defendant and Third-Party Plaintiff-Appellant (Robert A. Wandell, Third-Party Defendant-Appellee).

Second District    No. 2—94—1019

Opinion filed April 7, 1995.

D. Kendall Griffith, Bruce L. Carmen, and Thomas H. Boswell, all of Hinshaw & Culbertson, of Chicago, for appellant.

Alfred W. Cowan, Jr., and Matthew K. Krueger, both of Brassfield, Cowan & Howard, of Rockford, for appellee.

Edward M. Maher, of McGreevy, Johnson & Williams, P.C., of Rockford, for Martha Warsing.

JUSTICE INGLIS delivered the opinion of the court:

Defendant and third-party plaintiff, Material Handling Services, Inc. (Material), appeals the dismissal of its third-party contribution complaint against third-party defendant, Robert Wandell (Wandell). The dismissal was based on a settlement between Wandell and plaintiff, Martha Warsing, as administrator of the estate of Howard Warsing. Material challenges the court's finding that the settlement was made in good faith. We reverse and remand.

Plaintiff's decedent, Howard Warsing, was killed when Material's forklift, driven by Wandell, rolled off the hydraulic lift of a truck and fell on decedent. Plaintiff's complaint alleged that decedent had rented the forklift from Material. Material allegedly was negligent in (1) representing to decedent that the lift gate of the truck in which the forklift was to be transported was adequate for removal of the forklift; (2) failing to warn decedent that the forklift exceeded the

weight limits of the lift gate; and (3) loading the forklift on the truck when Material's agents or employees knew or should have known that the lift gate was not suitable for unloading the forklift. The complaint was amended after the settlement to allege also that Material was negligent in providing inadequate or incorrect instruction on the use of the forklift and in failing to instruct adequately or properly in the proper use and movement of the forklift.

Material's third-party complaint for contribution alleged that Wandell assisted decedent in transporting the forklift. Wandell allegedly was negligent in (1) choosing to remove the forklift from the bed of a truck via a hydraulic lift gate, when he knew or should have known that the relative sizes of the forklift and the lift gate required difficult turning maneuvers, which he knew or should have known could result in the forklift rolling off the lift gate as it was being unloaded; (2) failing to maneuver properly and control the forklift as it was moved onto the lift gate; (3) failing to take necessary precautions to prevent the forklift from rolling off the back of the lift gate; and (4) loading the forklift on the truck when decedent knew or should have known that the lift gate was unsuitable for unloading the forklift. Wandell denied any negligence.

Subsequently, Wandell moved for a good-faith finding and an order in bar of contribution. He asserted that he tendered the defense of the third-party action to his insurance company, Pekin Insurance (Pekin). Pekin provided defense counsel to Wandell under a reservation of rights and filed a declaratory action to determine coverage. Wandell appended a copy of the declaratory judgment complaint.

He also attached to the motion his affidavit setting forth his assets and financial status. The affidavit represented, among other things, that Wandell was the sole proprietor of a company that repairs electric motors. The business had accounts receivable of $500 to $600 and $1,000 cash. Wandell and his wife had $3,000 in a savings account, and he had an IRA with a balance of $1,000. In addition, Wandell stated that since January 3, 1994, he was employed full time by a company that repairs refrigerator compressors. He did not state the amount of his salary. Wandell and plaintiff entered into a settlement for $1,000, which was paid by Pekin.

Material objected to the motion for a good-faith finding on the grounds that Wandell bore a substantial portion of the fault in causing the accident, the potential damages were great, and the relationship between plaintiff and Wandell suggested collusion. Specifically, Material pointed out that plaintiff's family and the Wandells were very close friends. Material also noted that Wandell had potential insurance coverage of $300,000 under the Pekin policy.

The court ruled that the settlement was made in good faith. It therefore dismissed the third-party complaint with prejudice. Material timely appealed, pursuant to Supreme Court Rule 304(a). Official Reports Advance Sheet No. 26 (December 22, 1993), R. 304(a), eff. February 1, 1994.

■ As a preliminary matter, we address plaintiff's motion to strike portions of Wandell's brief. We ordered the motion taken with the case. Plaintiff requests that we strike Wandell's arguments that the damages in this case are limited under Wisconsin law. According to plaintiff, Wandell incorrectly states the law in Illinois regarding choice of law issues. Plaintiff fears that if this court incorporates a reference to Wisconsin law in this disposition, she would be bound to Wisconsin law in the trial court.

We deny the motion to strike portions of Wandell's brief. We will consider Wandell's arguments in that regard, but we will not determine whether Wisconsin law applies here. As such, plaintiff's concerns will be adequately addressed.

■ We also note that after the briefs were filed, Material filed a motion in this court requesting that we take judicial notice of a judgment entered in Pekin's declaratory judgment action. The court in that case entered summary judgment against Pekin, declaring that it owed Wandell a duty to defend and indemnify him in the third-party action. Wandell objects to our taking judicial notice, arguing that the Pekin action is not final because it is appealable. We grant the motion and take judicial notice of that order.

■ Under the Joint Tortfeasor Contribution Act, where two or more persons are potentially liable in tort for the same injury or the same wrongful death, there is a right of contribution among them. (740 ILCS 100/2(a) (West 1992).) However, when a tort-feasor settles in good faith with the injured party, that tort-feasor is discharged from contribution liability, and the remaining tort-feasors' liability is reduced by the amount of the settlement. (740 ILCS 100/2(c), (d) (West 1992).) "The only limitation that the Contribution Act places upon the parties' right to settle and thereby extinguish contribution liability is that the settlement must be accomplished in good faith." *In re Guardianship of Babb* (1994), 162 Ill. 2d 153, 161.

■ In determining whether the settlement was made in good faith, the trial court must consider the entire circumstances surrounding the settlement. (*Ziarko v. Soo Line R.R. Co.* (1994), 161 Ill. 2d 267, 284.)

> "This totality-of-the-circumstances analysis allows trial courts to give effect to the strong public policy favoring the peaceful settlements of claims. At the same time, the totality-of-the-

560

circumstances analysis allows trial courts to be on guard for any type of evidence of collusion, unfair dealing or wrongful conduct by the settling parties." (*Guardianship of Babb*, 162 Ill. 2d at 162.) One of the goals of the Contribution Act is to encourage settlements that apportion damages equitably, according to the tort-feasors' relative fault. (*Ziarko*, 161 Ill. 2d at 283.) A finding that the settlement was made in good faith is a matter within the trial court's discretion, and a reviewing court may not reverse such a finding absent an abuse of that discretion. *Guardianship of Babb*, 162 Ill. 2d at 162.

Once the settling party makes a preliminary showing that the settlement was made in good faith, the burden shifts to the challenging party (*Wilson v. The Hoffman Group, Inc.* (1989), 131 Ill. 2d 308, 318-19) to prove by clear and convincing evidence that the settlement is invalid. (*Higginbottom v. Pillsbury Co.* (1992), 232 Ill. App. 3d 240, 249.) Ordinarily, we would first determine whether Wandell had made a preliminary showing of good faith. We need not decide this, however, because we conclude that the totality of the circumstances indicates that the settlement was not made in good faith.

■ Material first directs us to the close personal relationship between the parties as a factor lending suspicion to the settlement, and to the fact that plaintiff never sued Wandell, even though Wandell was driving the forklift at the time of the accident. The cases Wandell relies on to minimize the significance of these facts are distinguishable. In *Pritchard v. SwedishAmerican Hospital* (1990), 199 Ill. App. 3d 990, contrary to Wandell's assertion, the plaintiffs sued all the doctors directly. (*Pritchard*, 199 Ill. App. 3d at 993.) The settling parties were not third-party defendants.

In *Wasmund v. Metropolitan Sanitary District of Greater Chicago* (1985), 135 Ill. App. 3d 926, the plaintiff did not sue the third-party defendant, because the only insurance coverage for his liability came from the plaintiff's automobile insurer. (*Wasmund*, 135 Ill. App. 3d at 927.) The plaintiff settled with her insurer prior to filing suit and signed a covenant not to sue the third-party defendant. (*Wasmund*, 135 Ill. App. 3d at 927.) In light of these circumstances, the fact that the plaintiff and the third-party defendant eventually married was not conclusive evidence of collusion. *Wasmund*, 135 Ill. App. 3d at 930.

Here, no reason was proffered why plaintiff did not sue Wandell directly. The only reasonable inference to be drawn is that plaintiff did not do so because of the relationship between the parties.

Wandell's reliance on *Mallaney v. Dunaway* (1988), 178 Ill. App. 3d 827, is also misplaced. There, the party not sued argued that the plaintiff's settlement for $98,500, which was less than the total

amount of her injuries, should have been introduced at trial to allow him to minimize his share of the damages. (*Mallaney*, 178 Ill. App. 3d at 829.) The appellant did not challenge the finding that the settlement was made in good faith, and the settling party was the party sued. *Mallaney*, 178 Ill. App. 3d at 829-32.

Next we look to the fact that Wandell paid only $1,000 to settle a wrongful death claim. While the small amount of a settlement is alone insufficient to establish bad faith (see *Christmas v. Hughes* (1989), 187 Ill. App. 3d 453, 455-56), it is not the only relevant factor here.

In defending the amount of the settlement, Wandell refers us to *Pritchard*, where this court agreed with the trial court that a small settlement was made in good faith, stating, "As we have already determined, the probable recovery against Schafer was questionable." (*Pritchard*, 199 Ill. App. 3d at 1000.) Wandell's quote from *Pritchard* is misleading. In that case, our comment about Dr. Schafer related to her liability, not to her ability to pay. *Pritchard*, 199 Ill. App. 3d at 998.

If, as Material asserts, Wandell's actions in maneuvering the forklift were the primary cause of the accident, without which the over-stressed lift gate would not have given way, the settlement for only $1,000 of a wrongful death claim is disproportionate to his fault. This is true regardless of whether damages would be limited to $150,000 under Wisconsin law.

According to the deposition of an investigator, the damage to the lift gate appeared to have been caused by the accident. He further stated that the accident occurred when Wandell was maneuvering the forklift onto the lift gate, and the back wheel rolled off the corner of the lift gate, causing the forklift to topple off. This evidence supports Material's assertion that Wandell's use of the forklift was the primary cause of the accident, and the sagging of the lift gate was a secondary cause.

Finally, we note that at the time the settlement was entered into, it was not certain that Wandell's insurance from Pekin would not apply to the accident. The mere filing of a declaratory judgment action is not proof that the insurer would have been successful in denying coverage. As it turned out, Wandell had $300,000 in insurance available from Pekin, but plaintiff settled with him for only $1,000.

Based on the above facts, the totality of the circumstances indicates by clear and convincing evidence that the settlement was not made in good faith. We conclude that the trial court abused its discretion in so finding. We therefore reverse the order dismissing the third-party complaint with prejudice.

562

The order of the circuit court of Winnebago County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

GEIGER and HUTCHINSON, JJ., concur.